UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHRISTI S., <br><br>  Plaintiff, <br><br> vs. <br><br> NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | 4:17-CV-04067-KES <br><br><br> MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION AS MODIFIED AND REVERSING THE DECISION OF THE COMMISSIONER |

**INTRODUCTION**

Plaintiff, Christi S., appealed the denial of her application for social security benefits by the Social Security Administration. Docket 1. The case was referred to United States Magistrate Judge Veronica Duffy under 28 U.S.C. § 656(b)(1)(B) for a report and recommendation. Docket 19. On February 15, 2018, Magistrate Judge Duffy submitted the report and recommendation for disposition of this case to the court and recommended that the Commissioner's decision be reversed and remanded for further proceedings. The Commissioner filed a timely objection. Docket 23. For the reasons set forth herein, Magistrate Judge Duffy's report and recommendation is adopted as modified below.

1

## PROCEDURAL BACKGROUND

Christi S. filed her application for benefits on September 9, 2014, alleging disability since July 6, 2014, due to post-concussion syndrome, headaches, face, head and neck pain, and numbness in hands and feet. AR 80, 218, 220, 247, 255, 260. Christi S.'s claim was initially denied and denied again upon reconsideration. AR 116, 127, 133. She requested and was given a hearing before an Administrative Law Judge (ALJ). AR 140. The ALJ determined that Christi S. was not disabled. AR 26. The Appeals Council denied Christi S.'s timely request for review. AR 1. Thus, the ALJ's unfavorable decision became the Commissioner's final decision.

## STANDARD OF REVIEW

This court's review of a magistrate judge's decision is governed by 28 U.S.C. § 636(b)(1). The court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

An ALJ's decision must be upheld if it is supported by substantial evidence in the record as a whole. 41 U.S.C. § 405(g). "Substantial evidence is 'less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.' " *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009) (quoting *Maresh v. Barnhart*, 438 F. 3d 898 (8th Cir. 2006)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971) (reasoning that substantial evidence means "more than a mere scintilla"). In determining

2

whether substantial evidence supports the ALJ's decision, the court considers evidence that both supports and detracts from the ALJ's decision. *Moore v. Astrue*, 623 F.3d 599, 605 (8th Cir. 2010) (internal citation omitted). As long as substantial evidence supports the decision, the court may not reverse merely because substantial evidence exists in the record that would support a contrary outcome or because the court would have decided the case differently. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citing *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993)).

The court reviews the Commissioner's decision to determine if an error of law has been committed, which may be a procedural error, the use of an erroneous legal standard, or an incorrect application of law. *Collins v. Astrue*, 648 F.3d 869, 871 (8th Cir. 2011) (citations omitted). Issues of law are reviewed de novo with deference accorded to the Commission's construction of the Social Security Act. *See Smith v. Sullivan*, 982 F.2d 308, 311 (8th Cir. 1992).

The court has reviewed the detailed fact section of Magistrate Judge Duffy's report and recommendation. No objections to the facts have been filed by either party and the facts appear to accurately reflect the record. As a result, this court adopts the facts as set forth in pages 2 through 26 of the magistrate judge's report and recommendation.

## DISCUSSION

The Commissioner disputes several legal conclusions in the report and recommendation.

**I.   Step Two**

Magistrate Judge Duffy found that the ALJ improperly failed to incorporate Christi S.'s asserted impairments of post-concussion syndrome and headaches at step two. The Commissioner contends that this was harmless error because the ALJ's analysis did not stop at step two, but rather continued through step five. The Commissioner asserts that at steps four and five the ALJ properly accounted for Christi S.'s headaches and post-concussion syndrome when the Residual Functional Capacity (RFC) was formulated. In support of this argument, the Commissioner cites precedent from the Sixth Circuit Court of Appeals: "When an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two '[does] not constitute reversible error.' " *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007) (quoting *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)).

The Eighth Circuit has not directly considered the issue of whether an ALJ's failure to address an asserted impairment at step two is harmless error if the effects of the impairment are sufficiently incorporated into the ALJ's analysis at steps four and five. The Eighth Circuit has, however, indicated that an error is harmless if, absent the error, the ALJ would have inevitably reached the same result. *See Dewey v. Astrue*, 509 F.3d 447, 449-50 (8th Cir. 2007).

The court does not agree with the Commissioner's characterization of the present case, because the ALJ clearly failed to separately analyze post-concussion syndrome and headaches as potential causes for Christi S.'s

4

alleged symptoms when formulating her RFC. In her decision, the ALJ noted that "claimant reported that she recently tripped and fell on her face," and then described a battery of symptoms such as "persistent headaches, . . . intermittent difficulty concentrating, nausea, fogginess, and confusion." AR 20. The ALJ discredited the severity of these alleged symptoms by citing a "normal neurological evaluation" and a negative CT scan without change from July 6, 2014. *Id.* The ALJ then noted numerous "normal" neurological and physical examinations conducted by Dr. Daniel Heckmann, M.D., Dr. Jeffrey Boyle, M.D., and Dr. Eugenio Matos, M.D. over the next several months in response to Christi S.'s repeated reports of daily debilitating headaches. *Id.* at 20-21.

Significantly, however, this analysis directly followed the ALJ's statement "turning to the claimant's somatization disorder, conversion disorder, depression and anxiety," demonstrating that the ALJ attributed those symptoms to Christi S.'s somatization disorder, conversion disorder, depression and anxiety – *not* her post-concussion syndrome or headaches. *Id.* at 20. And as noted by Magistrate Judge Duffy, somatization disorder and conversion disorder can co-exist with medical diagnoses of objectively verifiable conditions, such as post-concussion syndrome or chronic headaches. *See* Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition ("DSM-5") at 309-10 (5th ed. 2013); Docket 21 at 32. Although unnoted by the ALJ in her report, Christi S. was diagnosed with post-concussion syndrome by Dr. Heckmann on August 8, 2014. AR 319. Therefore, the Commissioner is incorrect in stating that the ALJ properly considered Christi S.'s post-

5

concussion syndrome and headaches as separate impairments when formulating her RFC, thereby curing any error at step two.

Remand is required at step two because it is improper for the court to speculate as to what the ALJ would have done had she conducted the proper analysis at Step Two. *See Collins v. Astrue*, 648 F.3d 869, 872 (8th Cir. 2011). Even under the general indication given by *Dewey v. Astrue*, the court cannot say that if the ALJ had separately analyzed post-concussion syndrome and headaches as potentially severe impairments, the result would have inevitably been the same. Moreover, "the failure of the ALJ to follow the mandated procedure is more than a mere oversight in opinion writing." *Collins*, 648 F.3d at 872. As noted by Magistrate Judge Duffy, it is possible that the ALJ concluded that all of Christi S.'s symptoms were the result of her somatization disorder and conversion disorder, but it is equally if not more likely that the ALJ overlooked or misunderstood the nature of Christi S.'s separate diagnoses. Docket 21 at 32. It is not the role of the court to guess which scenario occurred. The ALJ has a duty at step two to determine whether the applicant has an impairment or combination of impairments that are severe. 20 C.F.R. § 404.1520(c). In this case, the ALJ did not make such a determination regarding Christi S.'s post-concussion syndrome or chronic headaches, even though her post-concussion syndrome was medically diagnosed and the original basis for her disability application. Consequently, remand is required at step two.

## II. RFC Formulation

The Commissioner objects to Magistrate Judge Duffy's conclusion that the ALJ erred in determining both the mental and physical RFC of Christi S. Residual functional capacity is defined as "what the claimant can still do despite his or her physical or mental limitations." *Lauer v. Apfel*, 245 F.3d 700, 703 (8th Cir. 2001) (citations omitted, punctuation altered). The RFC assessment is an indication of what the claimant can do on a "regular and continuing basis" given the claimant's disability. 20 C.F.R. § 40.1545(b). " '[To] find a claimant has the [RFC] to perform a certain type of work, the claimant must have the ability to perform the requisite acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world.' " *Reed v. Barnhart*, 399 F.3d 917, 923 (8th Cir. 2005) (quoting *Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir. 1989)).

When determining RFC, the ALJ must consider all of a claimant's mental and physical impairments in combination, including those impairments that are severe and those that are non-severe. *Lauer*, 245 F.3d at 703. "Although the ALJ bears the primary responsibility for assessing a claimant's [RFC] based on all relevant evidence, we have also stated that a claimant's [RFC] is a medical question." *Id.* at 703-04 (citations omitted). "Some medical evidence must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace." *Id.* at 704 (citations omitted).

7

**A. Mental RFC**

Magistrate Judge Duffy recommends that remand is required as to the ALJ's formulation of Christi S.'s mental RFC because the ALJ fundamentally misunderstood the nature of Christi S.'s somatization disorder and conversion disorder. Docket 21 at 44. Namely, the ALJ appeared to misunderstand that a lack of objective medical support for reported symptoms is a primary feature of somatoform disorder and conversion disorder. Magistrate Judge Duffy correctly concludes that this case is analogous to *Nowling v. Colvin*, 813 F.3d 1110, 1118 (8th Cir. 2016), where the Eighth Circuit held that an ALJ's failure to address a primary feature of conversion disorder and somatoform symptoms constituted reversible error. In *Nowling*, as here, the ALJ did not recognize that the absence of clinical findings to support the claimed symptoms is a key requirement for the diagnosis of somatic symptom and conversion disorder. *See id.*

The Commissioner objects to Magistrate Judge Duffy's recommendation and asserts that Christi S. failed to satisfy her burden of proving concrete restrictions stemming from her somatoform disorder and conversion disorder relevant to RFC formulation. Docket 23 at 6. The Commissioner argues that Christi S. failed to provide adequate "medically determinable" restrictions of function. *Id.* But, as the Commissioner recognizes, Magistrate Judge Duffy cites to the findings of Dr. Rhonda Smith, Ed.D., who identified several functional limitations stemming from Christi S.'s somatoform disorder and conversion disorder, such as difficulty managing routine affairs and potential

poor memory and concentration problems. Docket 21 at 48. The Commissioner argues that Magistrate Judge Duffy's reliance on Dr. Smith's opinion is misplaced because Dr. Smith's findings were based on Christi S.'s subjective responses to psychological tests, but this objection misses the point of Magistrate Judge Duffy's analysis. Because an essential feature of both somatic symptom disorder and conversion disorder is that a patient's symptoms are actually and subjectively experienced without an underlying medical cause, the fact that Dr. Smith's tests were based on Christi S.'s subjective responses does not diminish their credibility. *See Nowling*, 813 F.3d at 1113-14. The court thus accepts Magistrate Judge Duffy's recommendation on this issue.

Magistrate Judge Duffy also recommends that on remand, the ALJ reconsider Dr. Konrady's opinion in light of the nature of Christi S.'s mental impairments and in light of the evidence in the record as a whole. Docket 21 at 47. Magistrate Judge Duffy points out that in addition to her written opinion, the amount of data obtained from the four tests Dr. Konrady conducted do not support the ALJ's characterization of "quite vague." *Id.* The report and recommendation also notes that the ALJ did not specify which parts of Dr. Konrady's opinion were being credited and which were not, and that Dr. Konrady's tests were administered to determine cognitive and memory function rather than diagnose disease or impairment. *Id.* at 46. In response, the Commissioner contends that the ALJ was correct to assign Dr. Konrady's opinion only partial weight. Docket 23 at 8. The Commissioner argues that the data obtained from Dr. Konrady's tests were not translated into any concrete

9

functional limitations relevant to Christi S.'s RFC. *Id.* But rather than making any specific objections to Magistrate Judge Duffy's analysis, the Commissioner in her memorandum merely repeats arguments contained in her initial brief or extrapolates reasoning not contained within the actual ALJ opinion. Thus, the court accepts Magistrate Judge Duffy's recommendation and the Commissioner is ordered to reconsider Dr. Konrady's opinion.

In summary, Magistrate Judge Duffy's recommendations regarding Christi S.'s mental RFC are adopted and the ALJ is ordered on remand to reconsider Christi S.'s mental RFC consistent with this opinion.

**B. Physical RFC**

Magistrate Judge Duffy recommends that remand is also required as to the formulation of Christi S.'s physical RFC. Docket 21 at 55. The report and recommendation states that the ALJ's formulation of Christi S.'s physical RFC bears no relation to the evidence placed in the record by Dr. Knutson and Dr. Boyle concerning the impact Christi S.'s impairments have on her physical functioning. *Id.* Specifically, Magistrate Judge Duffy takes issue with the ALJ's discounting of the effects of Christi S.'s headaches, as verified by Dr. Boyle, and Dr. Knutson's opinion about Christi S.'s ability to lift and use her hands. *Id.* at 50-51.

The Commissioner objects to Magistrate Judge Duffy's recommendation and asserts that substantial evidence supports the ALJ's finding that Christi S. could perform a full range of work at all exertional levels, except that she could never climb ropes, ladders, or scaffolds and could frequently handle, finger,

10

and feel. Docket 23 at 9. In support of this statement, the Commissioner asserts that Christi S.'s subjective statements about her limitations were properly ignored because the ALJ expressly deemed her not credible, and, additionally, there is "no requirement that an RFC finding be supported by a specific medical opinion." *Id.* (quoting *Hensley v. Colvin* 829 F.3d 926, 932 (8th Cir. 2016)). The Commissioner then argues that, "[i]n the absence of opinion evidence at all, the medical records themselves can provide sufficient support for the ALJ's RFC assessment." *Id.* at 9-10 (citing *Hensley*, 829 F.3d at 932 (internal citation omitted)). The medical records that the Commissioner cites to support the ALJ's finding are several tests indicating normal sensory response. Docket 23 at 10-11. The Commissioner also points to the ALJ's finding, based on Christi S.'s testimony, that she could dress herself, prepare meals, dust, do laundry, and shop in stores. *Id.* at 11.

The court finds the Commissioner's arguments unpersuasive. As an initial matter, although medical records alone can provide sufficient support for an ALJ's RFC assessment in the absence of opinion evidence, that circumstance is not present in the current case. Here, there is opinion evidence from Dr. Knutson identifying concrete limitations contrary to the ALJ's finding. AR 546. Dr. Knutson opined that Christi S. was limited to lifting less than 50 pounds occasionally, less than 25 pounds frequently, and less than frequent fingering and handling. *Id.* Regarding the "normal" sensory response tests, the Commissioner has not explained the significance of such tests on an individual's ability to handle, finger, or feel, and it is not proper for the court to

11

guess. Consequently, this argument does not impact the court's consideration positively or negatively. And finally, the court agrees with Magistrate Judge Duffy that Christi S.'s ability to dress herself, prepare simple meals, dust, do laundry, and occasionally shop does not support a finding that she can perform handling and fingering with her hands for 2/3 of the day, five days a week, month after month – especially without an explanation by the ALJ to support this finding. Docket 21 at 54.

The court adopts Magistrate Judge Duffy's recommendation and the Commissioner is ordered on remand to reconsider Christi S.'s physical RFC in light of her medical impairments and the record as a whole.

### III. Christi S.'s Credibility

As with the ALJ's RFC formulation, Magistrate Judge Duffy recommends remand as to the issue of Christi S.'s credibility because the ALJ fundamentally misunderstood the nature of Christi S.'s mental impairments. Docket 21 at 60. In response, the Commissioner contends that the ALJ provided adequate justifications for her discrediting of Christi S.'s statements concerning the severity of her symptoms.

Before the ALJ can make a determination on a claimant's RFC, "the ALJ must determine the applicant's credibility, as [her] subjective complaints play a role in assessing [her] RFC." *Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005) (citing *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001)). "[W]hen evaluating a claimant's credibility, in addition to considering the absence of objective medical evidence to support complaints of pain, an ALJ

12

should consider a claimant's reported daily activities, the duration, frequency and intensity of his or her pain, precipitating and aggravating factors, medication, and functional restrictions." *Steed v. Astrue*, 524 F.3d 872, 875 n.4 (8th Cir. 2008) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)); *see* 20 C.F.R. § 404.1529(c)(3). "The ALJ is not required to discuss methodically each *Polaski* consideration, so long as [the ALJ] acknowledged and examined those considerations before discounting [the claimant's] subjective complaints." *Steed*, 524 F.3d at 876 (internal quotation omitted). An ALJ's credibility determination is entitled to deference because the ALJ is in a better position than a reviewing court to gauge credibility. *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007).

Because the ALJ is instructed to further analyze Christi S.'s RFC consistent with this opinion, the ALJ's credibility determination may change in light of possible new RFC findings. Thus, this court will not address whether the ALJ erred in her credibility determination. On remand, the court instructs the ALJ to review the medical evidence in its entirety and to make new findings throughout the disability analysis.

## CONCLUSION AND ORDER

The court finds that the ALJ erred by failing to separately consider Christi S.'s post-concussion syndrome and headaches as potentially severe impairments. The court further finds that the ALJ failed to properly consider the medical evidence in the record when determining Christi S.'s RFC. Thus,

IT IS ORDERED that the report and recommendation (Docket 21) is adopted consistent with this opinion, and the decision of the Commissioner is REVERSED and REMANDED for further review.

DATED this 26th day of July, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE